IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11CV48

| | | |
|---|---|---|
| CARL LORINZO CAPERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| (FNU) COVINGTON, Captain at Lanesboro Correctional Institution[1] [2]; | ) ) | |
| (FNU) HARRINGTON;, dietician at LCI; | ) | |
| (FNU) HARRINGTON, dietician at LCI; | ) | |
| (FNU) BULLOCK, Unit Superintendent at LCI; | ) | |
| RICHARD NEELY, Administrator at LCI; | ) | |
| EDITH WALRATH, medical supervisor at LCI; | ) | |
| J. ALDRIDGE; KORY DALRYMPLE; | ) | |
| LAWRENCE PARSON | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983 (Doc. No. 1 ).

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n. 4 (1989) ("A claim based on a statutory

---

[1] Lanesboro Correctional Institution will hereafter be referred to as "LCI").

[2] The Court notes that although Captain Covington, Ms. Aldridge, Mr. Dalrymple and Mr. Parsons are listed in the caption of the Complaint, these parties have not been included in Section IV (Parties) of the Complaint as Defendants.

violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff"). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof. 28 U.S.C. § 1915A(b)(1). The Court has conducted an initial review of Plaintiff's Complaint and has determined that it must be dismissed because Plaintiff has failed to state a claim for relief.

Plaintiff contends that since his arrival at Lanesboro Correctional Institution ("LCI"), staff has been giving him "bad meal trays." Specifically, Plaintiff explains that he had a fungus on his chest that was caused from germs in his food that smelled like "feces and the toilet." (Doc. No. 1 at 3). He believes that the staff is trying to "kill him through the bad food." (Id.). Plaintiff asks that the Court have "someone investigate who is sending [him] these horrible meals like the apple juice with urine in it [and] the peanut butter" with feces in it. (Id. at 5). Plaintiff also contends that Dr. Hassan would not treat him for a damaged big toe on his right foot and would not tell him why his urine had blood in it. [3]

First, the Court notes that Plaintiff made similar allegations regarding his food in three other lawsuits. Indeed, in case number 3:10cv225, Plaintiff made similar allegations against some of the same Defendants included in the instant case. The Court dismissed Plaintiff's Complaint in its entirety for failure to state a constitutional claim for relief. (Capers v. Preston, 3:10cv225 (WDNC),

---

[3] Because the Plaintiff has not named Dr. Hassan as a Defendant to this action, the Court will not consider this claim.

Doc. No. 2). In Capers v. Reed, 5:09ct3037, filed in the Eastern District of North Carolina, Plaintiff made an allegation that a prison employee at Warren Correctional put something in his food which caused him stomach problems. The Court dismissed Plaintiff's Complaint for failure to exhaust his administrative remedies. (Id., Doc. No. 24). In Capers v. Davis, 5:09ct3036, also filed in the Eastern District of North Carolina, Plaintiff complained about food tampering with feces and other substances which began at Warren Correctional and continues at Lanesboro Correctional Institution. (Id., Doc. No. 33 at 2).

Next, the Court notes that Plaintiff has listed multiple Defendants in the caption of his Complaint but has not set forth any allegations against many of these Defendants. For instance, Plaintiff does not set forth a single allegation against Defendants Covington, Clark, Bullock, Neely, Aldridge, Dalrymple, or Parson. Therefore, the Complaint must be dismissed as to these individuals.

Finally, the Court is not required to "accept without question the truth of plaintiffs allegations." Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). The Court has the authority to dismiss claims that are obviously "fantastic" or "delusional." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Here, Plaintiff's Complaint, in which he contends that his fungus on his chest is somehow caused by germs in his food, that the staff is trying to kill him through bad food, and that his apple juice contains urine and his peanut butter contain feces, is obviously "fantastic" and clearly "delusional." Therefore, the Court will dismiss Plaintiff's Complaint for failure to state a claim for relief.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is Dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted for relief.

**SO ORDERED.**

Signed: February 8, 2011

Robert J. Conrad, Jr.
Chief United States District Judge